IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Temmessia Thurmond, ) | |
| ) | Civil Action No. 6:12-2758-TMC-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Drive Automotive Industries of America, ) | |
| Inc. *doing business as* Magna Drive ) | **ORDER** |
| Automotive, ) | |
| ) | |
| Defendant/Third Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Employ Bridge of Dallas, Inc. *doing* ) | |
| *business as* Resource MFG, and ) | |
| Staffing Solutions Southeast, Inc. ) | |
| *doing business as* Resource MFG, ) | |
| ) | |
| Third Party Defendant. ) | |
| ) | |

    In her complaint, the plaintiff, Temmessia Thurmond ("Thurmond"), alleges that the defendant, Drive Automotive Industries of America, Inc. ("Drive"), violated Title VII of the Civil Rights Act of 1964 by creating a hostile work environment and then retaliating against her when she initiated proceedings under Title VII and internal complaint procedures. (Complaint, ECF No. 1.) In turn, pursuant to certain contracts between the two parties, Drive has brought an action for contribution and indemnification against third party defendant, Employ Bridge of Dallas, Inc., and Staffing Solutions Southeast, Inc., d/b/a Resource Mfg. ("Resource") for liability to Thurmond. (Third Party Complaint, ECF No. 22.) Resource has moved to dismiss the third party complaint and that motion has been fully briefed by both parties. (ECF Nos. 32, 34, 39.)

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 73.02(B)(2)(g), D.S.C., all pre-trial matters have been referred to a magistrate judge. This case is now before the court on the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant Resource's motion to dismiss. (ECF No. 42.) The magistrate judge's recommendation has no presumptive weight and this court retains the responsibility to make a final determination. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which a party specifically objects, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Drive timely objected, asserting that the Report is "incorrect as a matter of law and is premature." (Objections, ECF No. 43.) Resource has responded to Drive's objections (ECF No. 45) and this matter is now ripe for review.

## I. Factual Background

Thurmond and her alleged harasser were both employed at Drive through Resource, a staffing agency. Resource and Drive had two contracts containing indemnity clauses: the Agreement and Purchase Order. Under both, Resource and Drive agreed to indemnify each other for each company's own violations of federal law. In addition, the Agreement establishes that Resource is the employer of each of its employees and retains certain responsibilities with regard to management, including decisions about discipline and termination. Drive alleges that, under these agreements, Resource is responsible for all costs of defense, including attorneys' fees, and damages incurred by Drive as a result of this lawsuit. Resource contends that the contract does not contemplate contribution and that indemnification would be against public policy in this case and preempted by Title VII.

## II. Legal Standard

Under the federal rules, each pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim should be dismissed when the complaint fails to allege facts upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, "the pleading standard . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Thus, the rules require more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id.* at 678.

In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). And, for a claim to have facial plausibility, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## III. Analysis

Under this standard, the court must dismiss the third party complaint. This action is not about any wrongdoing on the part of Resource. Thurmond brought her complaint against Drive, and only Drive.[1]  No matter who employed the alleged harasser or was contractually responsible

---

[1] With respect to Resource, Thurmond's complaint alleges that Resource and Drive had a contractual relationship, Resource acted as Drive's agent for handling employee complaints, and that Thurmond complained about the harassment to both Resource and Drive. Thurmond does not, however, name Resource as a defendant, claim that Resource did not properly respond to her complaint, or even mention Resource in either of her two causes of action.

3

for discipline and termination, Thurmond claims that Drive condoned a hostile work environment and that Drive retaliated against her. If these allegations are false, then Drive will not be liable to Thurmond. If the allegations are not false, then they are based solely on Drive's alleged actions and/or failures, not Resource's. Drive cannot be held liable for Resource's actions under Title VII. Thus, even if every allegation in the third party complaint is true, neither contribution nor indemnification is applicable in this case and Rule 12(b)(6) dismissal is appropriate.

In its objections, Drive contends that the magistrate judge did not consider cases cited in support of the indemnity and contribution provisions. The court has faith that the magistrate judge properly considered all relevant authority, but will address Drive's objection. The court has reviewed every case Drive cites in its objections and briefing on Resource's motion to dismiss and finds that all of them are distinguishable on the same central point – in every case the plaintiff sued both parties to the contract at issue. *See Gibbs-Alfano v. Burton*, 281 F.3d 12, 15 (2d Cir. 2002) (plaintiff originally brought suit against both the boat club and the county); *Varnell, Struck & Assocs., Inc. v. Lowe's Co.*, Case No. 07-104, 2008 U.S. Dist. LEXIS 108144 at *9, 24-27 (W.D.N.C. Mar. 27, 2008) (plaintiffs originally sued VSA for its own wrongdoing and then added Lowe's as a complicit co-employer); *Chao v. Indus. Corrosion*, Case No. 06-2762, 2007 U.S. Dist. LEXIS 17380 at *21 n.21 (S.D. Tex. Mar. 12, 2007) (This is an order on a motion to dismiss for lack of personal jurisdiction and the only mention of indemnification is in a very brief footnote. The court admits it did not look further into the facts of this case because it will not be persuaded by a footnote in an unpublished opinion about an irrelevant issue on a different federal statute from a district court far outside of this circuit.); *Locke v. Karass*, 425 F.

---

The third party complaint does not add any information that would make Resource, rather than Drive, liable to Thurmond for her claims against Drive.

4

Supp. 2d 137 (D. Me. 2006) (plaintiffs brought action against both parties to the contract – the state and MSEA); *Daniels v. Bd. of Trs. of the Harrington Mun. Hosp.*, 841 F. Supp. 363, 364 (D. Kan. 1993) (EMS workers filed suit against both the hospital and the county and claims for indemnification were brought as cross-claims).

In addition, the court agrees with the magistrate judge and finds *EEOC v. Blockbuster*, No. RWT 07cv2612, 2010 WL 290952 (D. Md. Jan. 14, 2010), instructive and persuasive. The facts in *Blockbuster* are similar to those in this case, the contract language at issue is almost identical, and the decision is by a district court within the Fourth Circuit applying Fourth Circuit law as much as possible to an issue of first impression. The magistrate judge's consideration of *Blockbuster* was certainly not "misplaced," as Drive suggests, but was necessary to his analysis of this case.

## IV.  Conclusion

For the foregoing reasons and after a thorough review of the record, the court adopts the Report and incorporates it herein. Resource's motion to dismiss the third party complaint (ECF No. 32) is, therefore, granted.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Court Judge

Anderson, South Carolina
September 25, 2013